*NUGENT* vs. *MAZANGE.*

THE defendant was sued as the plaintiff's immediate endorser, on a note drawn by Delhomme, and dated " German Coast," in favour of Trepagnier, who endorsed the same to H. Dukeilus, a merchant of the city of New-Orleans. Dukeilus, by a memorandum at the bottom of the note, made it payable at his domicil in New-Orleans, and then endorsed it over to the defendant: this memorandum was made without the knowledge or consent of the maker, or payee, of the note. The German Coast, the domicil of the maker of the note, Delhomme, is about thirty miles above the city. The note was placed in the Louisiana Bank for collection, and, when due, was presented at the domicil of Dukeilus in the city, and protested there for want of payment: notice of the protest was left in the city, at the mother-in-law's of the defendant, who resided a few miles out of the city; where the notary had heretofore left notices of protest, which he had always received. The drawer of the note was a planter in good circumstances, and able to pay the amount of the note. The case was submitted to a jury, who found a verdict for the plaintiff. On a motion for a new trial,

*Porter*, for the defendant. There is no regular protest, nor due notice, to charge the defen-

If the place of payment be altered, parties taking the note after the alteration, are bound by it, and *as to them* the demand is well made at the new place.

K k

SPRING 1812.
I. District.

NUGENT
vs.
MAZANGE.

dant, and there is a material alteration in the note, which annuls it.

THE holder of a note is bound to make a demand of payment at the domicil of the maker, or at the place of payment pointed out by the note itself. *Swift*, 254. The note in question was dated "German Coast," the domicil of the maker; and as the place of payment was afterwards altered without his consent, a protest at the domicil of Dukeilus cannot charge the defendant. The analogy between a bill of exchange and a promissory note, begins when the latter is endorsed, and then the rule is exactly the same upon promissory notes as it is upon bills of exchange—consequently, the same strictness in protesting and giving notice, is requisite. 2 *Burr*. 676-7. Before an endorser can be charged, a demand must be made on the acceptor of the bill, and in case of a promissory note, on the maker. No demand has been made on the maker of the note in this case; for a demand at a place not pointed out by him, cannot be considered as such. The defendant as endorser, therefore, cannot be liable, as legal diligence in obtaining payment of the maker, has not been used—moreover, the notice of the protest, by being left at the house of a relation in the city, is not sufficient : it should have been sent by the first post. But this alteration in the place of payment, so material in this action, must be considered as destroy-

ing the validity of the note, even in the hands of Spring 1812.

an innocent holder. *M'Master* vs. *Miller*, 4 *T.* I. District.

*Rep.* 320.

NUGENT
*vs.*
MAZANGE.

*Hennen*, contra. This alteration in the note may be considered as discharging the payee and first indorser, without whose consent or knowledge it was made; but all the parties to the note, who took it after Dukeilus had made it payable at his domicil, must be bound by such alteration, their consent in it being implied; a protest, therefore, at the domicil of Dukeilus, was the only one which could possibly charge the defendant, who took the note and passed it off, thus altered. *Swift*, 266. *Selwyn's N. P.* 335, *Gould's Esp. N. P.* 1*st part*, 76, 77, with the cases there stated. The question of our diligence, in giving notice of the protest, has been submitted to the jury, and their verdict should be considered as conclusive. 1 *Dall.* 252, 2 *Dall.* 158, 2 *Hayw.* 302, 333. But as the endorser can receive no damage from want of notice, the maker of the note being in solvent circumstances, the laches of the plaintiff cannot avail the defendant. In actions by endorsers against endorsers, on promissory notes, where there have been laches as to notice, evidence has been repeatedly admitted, to shew that the endorsers had received no injury, and that the circumstances of the maker of the notes were not altered

SPRING 1812.
I. District.

NUGENT
vs.
MAZANGE.

since the notes became due. *Story's Chitty,* 162-3.

*By the Court.* The defendant having passed the note to the plaintiff, after the alteration in the place of payment was made, cannot take advantage of this alteration. It may affect the note as to the maker, and the endorsers through whose hands it passed before it was altered ; but endorsers, who received and passed it away after, cannot complain.

WHETHER there was a regular notice, in other words, whether the one given was left at the proper place, was a matter of evidence, properly to be determined by the jury.

NEW TRIAL DENIED.